[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court on January 20, 1999, at which time financial orders were entered pursuant to an agreement of the parties which was incorporated by reference therein. At the time of the entry of the decree, the defendant father ("father") was employed and earning a gross income of more than $120,000 per annum. The plaintiff mother ("mother") was in the process of starting her own drapery business, and was grossing about $8,000 per year. Under the terms of the decree, the husband agreed to pay the sum of $3,777 unallocated alimony and child support, all religious education expenses, and to share medical and extra-curricula expenses for the children.
The parties share joint legal custody of the two minor children, Jesse, born June 29, 1987, and Lee, born September 12, 1989, both of whom live primarily with the mother. The decree provides further that the children will attend school in Westport. This factor prompted the parties to amend the decree to eliminate the specific language of Article 3.1 regarding the principal residence with the mother. The conflict between these parties erupted shortly after the judgment and has swirled around them ever since. The principal bone of contention centers on the mother's unilateral move from Westport to Fairfield, and the effect upon the children's educational venue. In addition, the parties are in constant conflict over the responsibility for medical expenses and extra-curricula activities, primarily summer camp. The mother has filed two motions for contempt dated May 4, 2001, by way of an order to show cause (#145), and a Motion for Counsel Fees (#157) dated January 25, 2002, supported by an CT Page 6919 affidavit (#161.10).
Complicating matters further, the father's job was terminated effective March 31, 2001. Shortly thereafter, he cut back his court ordered support payments to an amount that he believed was the same percentage of his income as was the original order, and at the same time he moved for a modification of his alimony and support obligation (#139). According to the testimony, service of the motion was made on May 9, 2001. Following a job search he has since been re-employed at a base salary of $60,000 per year in addition to commissions. He has received $18,000 in gross commissions to date. The father has remarried. The mother continues her drapery business which she supplements with temporary employment. Her current affidavit shows a total of $34,600 per annum.
All motions were consolidated by agreement and heard by this court over parts of two days. During the hearing, the father testified that he sold his residence and repaid a loan to his mother in the amount of $150,000. Upon further examination by the court, he admitted that approximately $110,000 of those monies were given to his mother to "protect" them from his former wife. In addition to the parties, the court heard from a Ms. Doreen Kelly, his current spouse, with respect to the extent of his contributions to the household. Her version of the facts was more credible than his. What is clear to the court is that the parties do not communicate well. In fact, the mother characterized the father's efforts to do so as "hostile and threatening."
 FINDINGS
The Court, having heard the testimony of the plaintiff and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That there has been a substantial change of circumstances since the date of the last order, to wit: The father has incurred an involuntary reduction in his income due to a loss of his previous employment and his re-employment at a substantially lower rate.
2. That the father is not in willful contempt of the orders of this court; and that, in particular, the continuing level of animosity by both parties makes civil, productive communication between them virtually nonexistent.
3. That the father served the motion for modification on the mother on May 9, 2001; and that it is equitable and appropriate that the existing CT Page 6920 order of unallocated alimony be modified retroactive to May 9, 2001.
4. That the father has failed to comply with the orders of this court, in that he has failed to fully meet his obligation to pay alimony and child support (taking into account the retroactive adjustment as a result of this order), and to contribute to the unreimbursed medical expenses and extra-curricula activities of the minor children, to wit: unallocated alimony and child support $4,855.00, camp $2,275.00, sports activities $30.00, and medical expenses $360.00, for a total arrearage of $7,520.00.
5. That any expense incurred by the father for the Bar Mitzvah of either child is not in connection with an extra-curricula activity and is to be treated as an expense for their religious education for which he is solely responsible.
6. That the husband was less than candid in his pleadings and testimony in that: (a) he purposely misrepresented the extent of the loan from his mother, when, in fact, he transferred approximately $110,000 of his own assets to his mother so as to insulate the funds from a possible claim by the plaintiff, and (b) he misrepresented the actual contributions he makes to the household he shares with his current spouse.
7. That the legal fees and charges incurred by the plaintiff are fair and reasonable; that the father is in default under the terms of the Separation Agreement of the parties incorporated in the decree; that pursuant to Article 16.8 thereof, the aggrieved party is entitled to reasonable attorneys fees in the enforcement of same; that the amount of attorneys fees, if any, is within the discretion of the court; and that it is equitable and appropriate that the father pay all or a portion of same. Goold v. Goold, 11 Conn. App. 268, 288-89 (1987).
8. That the presumptive basic child support is $311.00 per week; and that the father's share is $287.00, but that it is appropriate and equitable to apply the deviation criteria set forth in Section46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
 ORDER
IT IS HEREBY ORDERED THAT:
1. Defendant's Motion for Modification (#139) is HEREBY GRANTED retroactive to May 9, 2001, and effective thereafter, he shall pay to the plaintiff the sum $2,000.00 per month as and for unallocated alimony and child support. CT Page 6921
2. Plaintiff's Motions for Contempt are HEREBY DENIED.
3. The arrearage in the amount of $7,520.00 shall be paid to the plaintiff IN FULL within thirty (30) days from the date of this order.
4. Plaintiff's Motion for Counsel Fees (#157) is HEREBY GRANTED in part and the defendant shall pay to counsel for the plaintiff the sum of $2,500.00 within thirty (30) days from the date of this order.
5. Hereafter, the unreimbursed medical expenses of the minor children shall be paid 65% by the father and 35% by the mother.
6. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the financial orders of the court.
7. Except as set forth above, the decree of this court dated January 20, 1999, including the Separation Agreement of the parties of even date therewith and incorporated by reference therein, shall remain in full force and effect until further order of court.
THE COURT
SHAY, J.